UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME JULIUS BROWN,<br><br>　　　　　Plaintiff,<br><br>UNITED STATES MARSHAL SERVICE, et. al.,<br><br>　　　　　Defendants. | CASE NO. C19-01246 RAJ<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Jerome Julius Brown's complaint with leave to amend. Dkt. # 9.

On August 12, 2019, Plaintiff filed this action against Defendants Gerald Auerback, Donald Washington, Hyunok Lee, Vincent O'Neal, Edwin Sloan, and the United States Marshal Service. Dkt. # 9. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Michelle L. Peterson granted the application. Dkt. # 7.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's complaint is largely incomprehensible and provides very few details regarding Defendants' alleged actions. For example, Plaintiff alleges "Conflict of interest name Donald W. Washington. Conflict of interest not Washington but Capitol City, D.C.. Conflict of Interest, USDC Western District of Washington." Dkt. # 9 at 5. Plaintiff also alleges that he was "arrested by two US Marshals at clerks office 05 29, 2011" but provides no additional details regarding the arrest. Dkt. # 9 at 3. While Plaintiff appears to allege negligence, the complaint contains no allegations explaining what the negligent acts were or how the allegations are relevant to Plaintiff's claims

against Defendants.  Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a claim showing he is entitled to relief.

Taking these allegations as true and construing them liberally, the Court concludes that Plaintiff's complaint is frivolous and fails to state a valid claim for relief.  The Court **DISMISSES** Plaintiff's complaint, without prejudice. Dkt. # 9.  **Within fourteen (14) days from the date of this Order,** Plaintiff may file an amended complaint addressing the deficiencies addressed above.  If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief that Court will dismiss the action.

Dated this 15th day of August, 2019.

The Honorable Richard A. Jones
United States District Judge