HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME JULIUS BROWN,

    Plaintiff,

UNITED STATES MARSHAL SERVICE, et. al.,

    Defendants.

CASE NO. C19-01246 RAJ

**ORDER DENYING MOTION TO APPOINT COUNSEL AND DISMISSING COMPLAINT**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (Dkt. # 15). For the reasons that follow, the Court **DENIES** Plaintiff's Motion, and **DISMISSES, without leave to amend,** his Complaint.

## II. BACKGROUND

On August 12, 2019, Plaintiff Jerome Brown ("Plaintiff") filed this action against Defendants Gerald Auerback, Donald Washington, Hyunok Lee, Vincent O'Neal, Edwin Sloan, and the United States Marshal Service. Dkt. # 9. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Michelle L. Peterson granted the application. Dkt. # 7.

On August 15, 2019, the Court dismissed Plaintiff's Complaint. Dkt. # 11. The

Court did so pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the complaint of an *in forma pauperis* plaintiff if that complaint fails to state a claim. *Id*. In dismissing Plaintiff's Complaint, the Court instructed that Plaintiff must file an amended complaint within fourteen (14) days of the date of the Order, or the case would be dismissed. *Id*. Over a month has passed since the Court's August 15, 2019 Order, and Plaintiff has not made any filing.

### III. DISCUSSION

#### A. The Court Denies Plaintiff's Motion to Appoint Counsel

This is a civil action where, as a general matter, a plaintiff does not have a right to counsel. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). In certain cases, "exceptional circumstances" may warrant the appointment of counsel. *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that no exceptional circumstances warrant the appointment of counsel because Plaintiff is unlikely to succeed on the merits. Plaintiff alleges "Conflict of interest name Donald W. Washington. Conflict of interest not Washington but Capitol City, D.C.. Conflict of Interest, USDC Western District of Washington." Dkt. # 9 at 5. Plaintiff also alleges that he was "arrested by two US Marshals at clerks office 05 29, 2011" but provides no additional details regarding the arrest. Dkt. # 9. Plaintiff appears to allege negligence, but the Complaint contains no allegations explaining what the negligent acts were or how the allegations are relevant to Plaintiff's claims against the Defendants. *Id.* The Court granted Plaintiff an opportunity to supplement his factual allegations, and Plaintiff has failed to do so. Dkt. # 11. Because no exceptional circumstances warrant the appointment of counsel, Plaintiff's motion for counsel is

**DENIED**. Dkt. # 15.

### B. The Court Dismisses Plaintiff's Complaint With Prejudice

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

As noted, the Court previously dismissed Plaintiff's complaint with leave to amend within fourteen days because the complaint failed to state a claim upon which relief could be granted. Dkt. # 11. In doing so, the Court stated, "[i]f Plaintiff does not file an amended complaint within that timeframe . . . the Court will dismiss the action." *Id*. Plaintiff has not complied and has not filed an amended pleading as of the date of this Order, which is over a month after its previous Order directing Plaintiff to do so. Dkt. # 11. Plaintiff's Complaint still fails to set forth any actionable legal claim. Accordingly, the Court **DISMISSES** Plaintiff's complaint **without leave to amend**. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect").

Dated this 25th day of September, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge